# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-1792

WILLIAM G. NELSON, IV,

*Plaintiff-Appellant*,

*v.*

DAVID K. WELCH and CRANE,
HEYMAN, SIMON, WELCH & CLAR,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:07-cv-04825—**Robert W. Gettleman**, *Judge.*

ARGUED MAY 23, 2012—DECIDED JUNE 29, 2012

Before EASTERBROOK, *Chief Judge,* and RIPPLE and
TINDER, *Circuit Judges.*

TINDER, *Circuit Judge.* William G. Nelson, a minority
shareholder and major creditor of Repository Tech-
nologies, Inc. ("RTI"), believes that RTI's majority share-
holders and David K. Welch and his law firm Crane,
Heyman, Simon, Welch & Clar ("CHSWC"), the law firm
that handled RTI's bankruptcy, used RTI's bankruptcy

to loot RTI, much to his detriment. Nelson filed a variety of lawsuits to recover his losses and most have run their course. The suit at issue in this appeal, Nelson's suit against Welch and CHSWC, is the last one standing.

The tangled history of litigation between Nelson and RTI, its majority shareholders, and its bankruptcy law firm, CHSWC, is detailed in a previous appeal, *In re Repository Technologies, Inc.*, 601 F.3d 710 (7th Cir. 2010) ("*RTI-1*"). The short version, relevant here, is as follows: In 2007, Nelson sued CHSWC (and Welch, but for simplicity we will refer to the defendants collectively as CHSWC) in state court alleging that they had (1) conspired with RTI's majority shareholders to use RTI's Chapter 11 bankruptcy to enrich themselves, (2) tortiously interfered with RTI's loan contract with Nelson, and (3) abused the bankruptcy process. Based on the abuse-of-process claim, the defendants removed to federal court. In an attempt to get back to state court, Nelson amended his complaint to omit the abuse-of-process claim. The tactic failed because the district court (Judge Kocoras) concluded that it still had "arising in" jurisdiction: Even without his abuse-of-process claim, and despite their state-law titles, Nelson's claims "revolve[d] around his assertion that Welch and his firm engaged in abuse of bankruptcy process." *RTI-1*, 601 F.3d at 716 (quoting the district court).

The posture of the case shifted again when Judge Kocoras learned that the bankruptcy court said that RTI's Chapter 11 petition was *not* filed in bad faith and that the district court (Judge St. Eve) repeated that state-

ment in affirming the bankruptcy court's judgment. Based on Judge St. Eve's affirmance, Judge Kocoras concluded that Nelson's federal cause of action (whatever was keeping the suit in federal court) was precluded and dismissed it with prejudice. CHSWC then moved to dismiss Nelson's entire complaint on the merits. Despite his earlier conclusion that all of Nelson's claims "revolved around" abuse of the bankruptcy process, Judge Kocoras denied the motion on the theory that Nelson might still have state-law claims outside the bankruptcy context. He remanded those claims to state court. CHSWC appealed the remand and that became part of the appeal we're referring to as *RTI-1*.

*RTI-1* was a consolidated appeal from RTI's adversary proceeding (which sought to recharacterize Nelson's debt as equity) and the district court's remand order in Nelson's suit against CHSWC. (Again, for the full story, see *RTI-1*, 601 F.3d at 714-17.) Three results from *RTI-1* matter now. First, because RTI had no assets and had terminated its business, we concluded that the adversary proceeding was moot and vacated the judgments below. *Id.* at 718-19. Second, we reversed the district court's remand of Nelson's state-law claims. We took this unusual step because

> even construing the complaint in the light most favorable to Nelson, . . . all of the allegations supporting Nelson's civil conspiracy and tortious interference claims are predicated on the defendants' participation in RTI's bankruptcy case. Because these state-law claims are so entangled with Nelson's federal abuse

of the bankruptcy process claim, the district court should have retained supplemental jurisdiction over the entire lawsuit.

And again:

We . . . are unable to discern from Nelson's complaint any theories of liability that do not rely on RTI's allegedly improper bankruptcy filing.

*Id.* at 727. Third, notwithstanding the dependence of Nelson's state-law claims on abuse of the bankruptcy process, we held that dismissal with prejudice of his abuse-of-process claim did not require dismissal of his state-law claims because "the district court's basis for dismissing the federal abuse of process claim was flawed." *Id.* at 728. Nelson, then, was given another opportunity to present his claims to the district court.

On remand, considering the same complaint as we did in *RTI-1*, the district court (Judge Gettleman, this time) granted CHSWC's motion to dismiss. As we did in *RTI-1*, the district court observed that Nelson's state-law claims are predicated on his allegation that RTI's bankruptcy filing was improper and he rejected, as we did, Nelson's arguments that pre- and post-petition conduct by CHSWC independently support his claims. Simply put, Nelson's claims depend on the plausibility of his abuse-of-process allegation. But Judge Gettleman saw two reasons Nelson could not assert state-law claims that depend on abuse of process. The first was Judge Kocoras' dismissal with prejudice of Nelson's abuse-of-process claim. As Judge Gettleman explained:

It is true that Judge Kocoras' conclusion was predicated on the preclusive effect of Judge St. Eve's now vacated affirmance of the bankruptcy court, which would normally suggest that Judge Kocoras' dismissal should also be vacated. . . . The Seventh Circuit did not vacate the dismissal, however (plaintiff did not file a cross-appeal), and [Nelson] has not asked this court to vacate the dismissal on remand.

Nevertheless, because in *RTI-1* we instructed the district court to ignore the bankruptcy court's good-faith finding, Judge Gettleman assumed the unchallenged dismissal with prejudice of Nelson's abuse-of-process claim wasn't fatal to his state-law claims. Judge Gettleman went on to dismiss Nelson's complaint without relying on the vacated good-faith dictum by focusing on RTI's partial success in the adversary action. According to the district court, that partial success supported a good-faith finding and, therefore, the dismissal of Nelson's suit.

Responding to Nelson's Rule 59(e) motion, Judge Gettleman denied that he improperly relied on Judge St. Eve's vacated order. The fact that Judge St. Eve's order was vacated, he said, did not alter the facts on which the bankruptcy court and the district court based their decisions. Judge Gettleman then made fresh findings based on "undisputed facts" and concluded that partial recharacterization of Nelson's debt as equity was proper and that, therefore, the adversary proceeding was partially successful and the bankruptcy was not filed in bad faith.

Nelson appeals. Our review is de novo and we may affirm on any ground supported by the record. *Remet Corp. v. City of Chicago*, 509 F.3d 816, 817 (7th Cir. 2007).

Has the record developed or has anything of legal significance happened since the last appeal? We remanded, the district court dismissed Nelson's case relying on vacated orders, reconsidered, made fresh findings, and dismissed Nelson's case again. It was, however, clearly improper for the district court to rely on vacated orders and to make findings as the basis for dismissing a complaint under Rule 12(b)(6). Since it seems as though all that happened on remand was error, setting those errors aside, it looks like nothing happened on remand at all. And if nothing significant happened, another quick remand (perhaps to a different judge) would be appropriate. But we don't think that's the right result.

One obvious way a case advances is by a court's orders, but that's not the only way, of course. Critical here (and also obvious) is that a party's concession or a party's inaction can change a case. And that is what has happened here. Consider what Nelson did not do on remand. Nelson did not ask the district court to vacate Judge Kocoras' dismissal of his abuse-of-process claim. Nelson did not amend his complaint to allege something that did not depend on abuse of the bankruptcy process. Most importantly, perhaps, Nelson concedes that his abuse-of-process claim is gone and he concedes that if his state-law claims turn on abuse of the bankruptcy process, those claims are gone too. Well, we have said that Nelson's state-law claims (unchanged

since *RTI-1*) turn on his abuse-of-process claims. We've said it repeatedly (and, for good measure, so did Judge Gettleman). And that means Nelson has no good claims and his case must be dismissed.

In *RTI-1* we concluded that Judge Kocoras' dismissal with prejudice of Nelson's abuse-of-process claim *did not* entail dismissal of Nelson's state-law claims. Now we think it does, but not because we're reversing ourselves. It would have been improper to dismiss Nelson's case in *RTI-1* because in *RTI-1* we mooted and vacated RTI's adversary case and, by doing so, undermined Judge Kocoras' dismissal of Nelson's abuse-of-process claim. After *RTI-1*, Nelson could have moved to vacate that dismissal. But he didn't and it's too late now. Instead, Nelson doubled-down on the same complaint we said depended on abuse of process and (again) argued that his state-law claims turn on events outside the bankruptcy. We explained in great detail in *RTI-1*, 601 F.3d at 725-27, why Nelson's pre- and post-petition-conduct argument is a loser and we won't repeat that discussion here.

Whatever the basis for Judge Kocoras' dismissal of Nelson's abuse-of-process claim, its preclusive effect has become a fixed point in this case—by Nelson's concessions and by Nelson's inaction. Nelson has no claim against CHSWC that does not depend on abuse of the bankruptcy process. And that means Nelson has no good claims against CHSWC.

AFFIRMED.